**FINESTONE HAYES LLP**
Stephen D. Finestone (125675)
Brent D. Meyer (266152)
Ryan A. Witthans (301432)
456 Montgomery Street, Suite 1300
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-0200
Email: sfinestone@fhlawllp.com
bmeyer@fhlawllp.com
rwitthans@fhlawllp.com

Proposed Counsel for Debtor-in-Possession
VINEBURG LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>VINEBURG LLC,<br><br>Debtor-in-Possession. | Case No. 26-10736<br>Chapter 11<br><br>**DEBTOR'S EMERGENCY FIRST-DAY MOTION FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO § 363[1]**<br><br>Hearing: *To be decided.* |

## I. INTRODUCTION

Debtor-in-possession Vineburg LLC (the "Debtor") respectfully submits this motion ("Motion"), on an emergency basis, seeking authorization for the Debtor to use cash collateral ("Cash Collateral"), as such term is defined in § 363(a). The Debtor moves for entry of an interim order ("Interim Order") in substantially the form attached hereto as **Attachment 1**, and for the entry of a final order ("Final Order") following a final hearing.

In bringing this Motion, the Debtor relies on the *Declaration of Jeff Bundschu in Support of Chapter 11 Petition and First Day Pleadings* ("Bundschu Declaration"), the record in this

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California.



Case: 26-10736 Doc# 10 Filed: 09/23/26 Entered: 09/23/26 14:16:29 Page 1 of 8

case, and other filings, evidence, and argument as may be presented. The factual summary provided below is brief in nature, and interested parties are encouraged to review the more detailed description provided in the Bundschu Declaration.

The Debtor submits this introductory statement in accordance with the Court's *Guidelines for Cash Collateral & Financing Motions & Stipulations* made effective on January 1, 2006 ("Guidelines").

| | | |
|---|---|---|
| Purpose for the use of Cash Collateral | The Cash Collateral will be used only to manage the administration of the Chapter 11 case and support the continuity of the Debtor's operations, including the payment of payroll, vineyard and harvest costs, winemaking and bottling costs, insurance, utilities, and critical vendor expenses. | |
| Terms, including duration | The Debtor requests access to and use of the Cash Collateral until the earliest of: (1) confirmation of a plan of reorganization in this Chapter 11 case; (2) conversion of this Chapter 11 case to Chapter 7; (3) dismissal of this Chapter 11 case; or (4) appointment of a trustee or examiner with expanded powers in this Chapter 11 case.<br><br>The Debtor's use of the Cash Collateral will be limited to the items set forth in the Budget (defined below), with an allowed variance of 10% per line item and the ability to carry forward budgeted but unused disbursements for use in the immediately succeeding month. | |
| Adequate protection | The Debtor proposes the following as adequate protection of the Secured Parties' interest in the existing cash collateral:<br>(1) Post-petition replacement liens in the same amount and priority as the Secured Parties' (defined below) existing rights (as may later be determined in this case).<br>(2) Use of cash collateral restricted to the Budget. | |
| Entities with an interest in the Cash Collateral ("Secured Parties") | American AgCredit, FCLA ("AG Credit")<br><br>Scheduled amount: $17,304,673.54<br><br>Scheduled collateral value: $8,500,000 | Collateral includes first deeds of trust against the Debtor and Echo Echo's real estate assets, improvements, and fixtures (including vines and water rights), specific equipment, and related proceeds.<br><br>First deeds of trust on the Debtor's parcels at 2000 Denmark St. and 2720 and 2740 Thornsberry Rd. (APNs 126-101-017, 127-332-008, and 127-332-009), and on the Echo Echo parcels at 751/777 Madrone Rd. (APNs 056-011-056, -066, and -067), recorded on February 27, 2020, as Sonoma County Inst. No. 2020014995. |



Case: 26-10736 Doc# 10 Filed: 09/23/26 Entered: 09/23/26 14:16:29 Page 2 of 8

| | | |
|---|---|---|
| | | UCC-1 no. 0104460057 was filed on February 5, 2001, and amended/continued several times, most recently with continuation statement U250183320625 filed on August 12, 2025. |
| | Sonoma Wine 2000 Denmark, LLC ("Tiverton")<br><br>Scheduled amount: $18,144,889.79<br><br>Scheduled collateral value: $8,735,438.99 | Collateral includes inventory, accounts receivable, deposit accounts, general intangibles, trademarks, specified equipment, and a junior deed of trust on the Vineburg parcels.<br><br>Second deed of trust on the Debtor's parcels (2011 deed of trust, Sonoma Inst. No. 2011033614), subordinated to AG Credit as of February 27, 2020.<br><br>UCC-1 no. 057044888993 was filed on October 13, 2005; UCC-1 no. 197693382806 was filed on January 23, 2019; and UCC-1 no. U220118350729 was filed on January 14, 2022. Several amendments/continuation statements were filed, and each was assigned to Tiverton when it acquired the loan from Bank of the West. |
| Approximate collateral values | See Exhibit A to the Bundschu Declaration and the Debtor's Schedules A/B and D. | |

**CERTIFICATION**

The undersigned counsel for the Debtor has read this introductory statement and the accompanying Motion. To the best of my knowledge, information, and belief, formed after reasonable inquiry, and except as otherwise identified herein, the terms and relief sought in the Motion are in conformity with the Guidelines. I understand and have advised the Debtor that the Court may grant appropriate relief under Bankruptcy Rule 9024 if the Court determines that a material element of the Motion was not adequately disclosed in this introductory statement.

Dated September 23, 2026

FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*
Ryan A. Witthans
Proposed counsel for Debtor-in-Possession
VINEBURG LLC



Case: 26-10736 Doc# 10 Filed: 09/23/26 Entered: 09/23/26 14:16:29 Page 3 of 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

## II. JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, the district court's General Order No. 24 referring bankruptcy cases and proceedings, and B.L.R. 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408–1409.

## III. STATEMENT OF FACTS

### A. The Debtor's Background and Bankruptcy Filing

A detailed discussion of the Debtor's background and the events leading to its bankruptcy filing is included in the Bundschu Declaration, which is incorporated by reference.

### B. The Debts Secured by the Debtor's Cash Collateral

The Secured Parties asserting a security interest in the Debtor's Cash Collateral, as well as the amount of the debts and a description of the collateral, are listed in the introduction to this Motion and are also described in the concurrently filed Bundschu Declaration. A detailed breakdown of the AG Credit and Tiverton loans and their collateral is attached as **Exhibit A** to the Bundschu Declaration.

### C. The Debtor's Proposed Terms for the Use of Cash Collateral

The Debtor proposes post-petition replacement liens in the same amount and priority as the Secured Parties' existing rights in the Cash Collateral (as may later be determined in this case) as adequate protection of the Secured Parties' interest in the existing cash collateral.

The Debtor also proposes to restrict its use of the Cash Collateral to the budget attached as **Exhibit C** to the Bundschu Declaration ("Budget"). The Budget is based on the Debtor's historic operations and reasonably anticipated future performance. The Debtor proposes that it be allowed a variance of up to 10% for each line item in the Budget, and that it may carry forward budgeted but unused disbursements set forth in the Budget for use in the immediately succeeding month.

## IV. LEGAL ARGUMENT

A. Basis for the Relief Requested

The Debtor's use of property of the estate is governed by § 363. Section 363(c)(1) provides:

> If the business of the debtor is authorized to be operated under section . . . 1108 . . . of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

The Bankruptcy Code establishes a special requirement, however, regarding a debtor-in-possession's use of "cash collateral," defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." § 363(a). The debtor-in-possession is permitted to use, sell, or lease cash collateral pursuant to § 363(c)(1) only if either "(A) each entity that has an interest in such cash collateral consents," or "(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." § 363(c)(2).

Absent consent, a motion to use cash collateral requires the debtor to provide "adequate protection" of the secured interests in the cash collateral. Bankruptcy Rule 4001(b)(1)(B)(iv). *See* § 363(p)(1). "Adequate protection is provided to safeguard the creditor against depreciation in the value of its collateral during the reorganization process." *First Fed. Bank v. Weinstein (In re Weinstein)*, 227 B.R. 284, 296 (B.A.P. 9th Cir. 1998). If the value of the collateral decreases, the creditor is entitled to cash payments, replacement liens, or other indubitably equivalent value so that the value of its interest in the collateral remains constant. § 361; *Weinstein*, 227 B.R. at 296. The adequate protection provided may take many forms, with § 361 only providing some examples. The amount of adequate protection should be equal to the amount by which the collateral depreciates. *In re Deico Elecs., Inc.*, 139 B.R. 945, 947 (B.A.P. 9th Cir. 1992). Where there is no depreciation, there is no entitlement to adequate protection payments. *Weinstein*, 227 B.R. at 296, citing *Confederation Life Ins. Co. v. Beau Rivage, Ltd.*, 126 B.R. 632, 640 (N.D. Ga.

1991). Further, adequate protection payments cannot be used to compensate the creditor for lost interest or to provide lost opportunity costs. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365 (1988).

B. Post-Petition Replacement Liens

One form of adequate protection expressly contemplated by § 361(2) is a replacement lien. Such protection is significant because § 552 may otherwise cut off any creditors' lien rights in property acquired by the estate after the commencement of the bankruptcy case, such as post-petition receivables. The Debtor proposes such post-petition replacement liens as adequate protection to the Secured Parties in the same amount and priority as the Secured Parties' existing rights in the Cash Collateral (as may later be determined in this case).

C. Use of Cash Collateral Restricted to a Budget

As further assurance to the Secured Parties, the Debtor shall restrict its use of the Cash Collateral to the proposed Budget (attached to the Bundschu Declaration), absent consent of the Secured Parties or further order of this Court. If approved by the Court, the Debtor will limit its use of the Cash Collateral to the line items set forth in the Budget, subject to the following permitted variances ("Permitted Variances"). The Debtor proposes that its actual disbursements shall not exceed budgeted disbursements by more than 10% per line item, calculated on a monthly basis. The calculation of the Permitted Variances shall extend to any Final Order entered by the Court as to the Motion. The Debtor further proposes that it may carry forward budgeted and unused disbursements set forth in the Budget for use in the immediately succeeding month.

D. No Periodic Cash Payments

Section 361(1) contemplates periodic cash payments to a secured party as adequate protection to the extent the use of cash collateral "results in a decrease in the value of such entity's interest in such property."

The Debtor does not propose to make periodic cash payments as adequate protection. The Debtor's use of Cash Collateral will fund the operating cycle that preserves the Secured Parties' collateral: the Debtor will maintain and harvest its vineyards; preserve, finish, and bottle existing

wine; sell finished goods; collect receivables; and use the resulting receipts to continue operations and create additional inventory, receivables, and cash. The proposed replacement liens will attach to the applicable post-petition collateral and proceeds in accordance with the Secured Parties' pre-petition collateral positions. In addition, use will be limited by the Budget. Periodic payments would remove liquidity needed to complete this cycle and could reduce, rather than protect, collateral and going-concern value. The replacement liens and Budget restrictions therefore provide adequate protection against any diminution resulting from the authorized use of Cash Collateral.

## V. EMERGENCY CONSIDERATION REQUESTED

The Debtor respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a bankruptcy case "to the extent that relief is necessary to avoid immediate and irreparable harm." To preserve the value of its business and to comply with applicable law, the Debtor needs access to the capital available in the Cash Collateral. If the Debtor does not receive the requested relief during the first 21 days of this Chapter 11 case, then the Debtor's business operations would be severely disrupted at this critical juncture. Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003. Thus, the Debtor respectfully requests that the Court consider and grant this Motion on an emergency basis.

## VI. RESERVATION OF RIGHTS

Nothing contained herein is intended or shall be construed as (1) an admission to the validity of any claim against the Debtor; (2) a waiver of the Debtor's or any party in interest's right to dispute the amount of, basis for, or validity of any claim of any creditor or interest holder; (3) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (4) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtor and any third party pursuant to § 365. The Debtor reserves all of its rights under the Bankruptcy Code.



Case: 26-10736 Doc# 10 Filed: 09/23/26 Entered: 09/23/26 14:16:29 Page 7 of 8

## VII. PROPOSED NOTICE

Notice of this Motion will be provided by email, facsimile, or overnight courier to (1) the Office of the United States Trustee, Region 17; (2) the holders of the twenty largest unsecured claims against the Debtor; (3) the Secured Parties; and (4) those persons who have formally appeared in this bankruptcy case and requested service pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is required. No prior request for the relief sought in this Motion has been made by the Debtor to this or any other court.

## VIII. CONCLUSION

For the reasons stated above, the Debtor respectfully requests entry of an Interim Order, substantially in the form appended as **Attachment 1**, granting the relief requested in this Motion and such other and further relief as the Court may deem just and appropriate.

Dated September 23, 2026

FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*

Ryan A. Witthans
Proposed counsel for Debtor-in-Possession
VINEBURG LLC



Case: 26-10736 Doc# 10 Filed: 09/23/26 Entered: 09/23/26 14:16:29 Page 8 of 8